Tateor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The petitioners are unquestionably entitled, each, to a fourth part of the estate of which J. S„ Cutlar died seised $ for notwithstanding the great and radical changes in the law of descent, which are introduced by our statute, the principle relative to posthumous and after-born children remains unaltered, and adapts itself to the course of descent instituted here. Accoiding to the British law, if lands arc given to a son, who dies leaving a sister his heir, if the parents have, at any distance of time after-wards, another son, this son shall divest the descent upon the sister, and take the estate as heir to his brother. Nor is it uncommon for the same estate to undergo frequent changes by the subsequent birth of presumptive heirs who are nearer, before it finally rests upon an heir apparent. An estate may be given to an only child, upon whose death it may descend upon an aunt as the nearest presumptive heir, who may be deprived of it by an after-born uncle, on whom a subsequent sister may enter, and who will again be deprived of the estate by the birth of a brother— (2
 
 Blackstone’s
 
 Com.
 
 209
 
 — Chris. JVbfe.) A more precise analogy is presented by the case where a man has issue, a son and a daughter j the son purchases land in fee, and dies without issue, the daughter shall inherit the land 5 but if the iniber hath afterwards issue another daughter, sbe snail.
 
 *326
 
 be coparcener with her sister — (Co.
 
 Lit.
 
 11 6.) So in. ^'s State, if the son purchases land, and dies without issue, it descends for the present upon the brothers and g¡s|.erg then being, but if any are subsequently born, they become equally entitled : and the same law must prevail relative to half-blood, where they are entitled to inherit. It follows, that the judgment sustaining the demurrer and dismissing the petition must be reversed, and the cause remanded for further proceedings.